**UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF WISCONSIN**

ADEMI ENTERPRISES LLC,  )
          )
 Plaintiff,      )
          )
v.           )   **Case No. 3:26-cv-572**
          )
AMTRUST INSURANCE COMPANY, )
          )
 Defendant,     )
          )

## COMPLAINT

COME NOW, Plaintiff, Ademi Enterprises LLC ("Plaintiff"), by and through its undersigned attorney, and for its causes of action against Defendant AmTrust Insurance Company ("Defendant"), states and alleges as follows:

### PARTIES

1. At all times material hereto, Plaintiff is a Wisconsin limited liability company with its principal place of business in Dane County, Wisconsin.

2. Defendant is incorporated in Delaware with its principal place of business in Dallas, Texas.

3. Defendant is authorized to transact insurance business in Wisconsin as a foreign insurance company.

### JURISDICTION AND VENUE

4. This is an action for damages in excess of $75,000, excluding interest and costs.

5. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a).

6. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because the property that is the subject of this action is situated in this District.

7. Plaintiff owns the property located at 710 W Main Street, Sun Prairie, Wisconsin 53590 ("the Property").

## **FACTS**

8. In consideration for the premiums paid prior to April 18, 2025, Defendant issued a commercial insurance policy for the Property bearing policy number KBP1038964 09 ("the Policy") for the policy period from July 1, 2024, through July 1, 2025 ("the Policy Period"). A copy of the Policy is attached hereto and incorporated herein as *Exhibit "A."*

9. The Policy reflected the parties' agreement, wherein Defendant agreed to make payment in the event of a covered loss, risk and/or peril, in consideration for the premium paid by Plaintiff.

10. At all times material hereto, Plaintiff timely paid, and Defendant accepted, consideration in the form of premium payments.

11. On or about April 18, 2025 ("Date of Loss"), a severe weather event, which included high-velocity wind, ice, and/or large hail, seriously damaged the Property.

12. At all times material hereto, Plaintiff owned the Property up to and including on the Date of Loss.

13. Plaintiff promptly reported the loss to and filed a claim with Defendant.

14. Defendant acknowledged the claim and assigned claim number 4004332-1 (hereinafter "the Claim").

15. Defendant was afforded the opportunity to fully inspect the Claim, investigate the cause of the Claim, and quantify the amount of the Claim.

16. Defendant inspected the Property in its investigation of the Claim.

17. Defendant afforded coverage for the Claim.

18. On or about May 13, 2025, Defendant determined that $21,897.02 was owed to Plaintiff under the Policy for the Claim, after applying the $2,500.00 deductible, and issued payment in that amount.

19. On or about April 22, 2026, Plaintiff, by and through Plaintiff's representatives, submitted to Defendant an independent evaluation of the damages (the "Estimate"), which approximated the damages to the Property that were caused by the storm to be $515,604.80. A true and correct copy of the Estimate is attached hereto as *Exhibit "B"*.

20. The Estimate describes repairs, remediation, construction, mitigation, cleaning and/or other services that are necessary to remediate the damage caused by the storm and return the Property to its pre-loss condition.

21. Thereafter, on or about May 20, 2026, Defendant issued a supplemental payment to Plaintiff in the amount of $118,829.28, bringing the total amount paid on the Claim to $140,726.30 ("Partial Payment").

22. Defendant afforded limited coverage for the replacement of certain roof components, repair of certain exterior damage, and repair of portions of the interior drywall and ceiling.

23. Through its coverage determination and payment, Defendant acknowledged that covered damage occurred at the Property.

24. Defendant was furnished with timely notice of the Claim, proof of loss, and a demand for payment, but Defendant has willfully refused, and continues to refuse, to pay all of Plaintiff's Claim.

25. The loss occurred during the Policy Period.

26. Plaintiff has performed all of its duties and obligations under the Policy.

27. The loss was not the result of repeated seepage and/or leakage.

28. The loss was not the result of age-related seam deterioration or prior repairs or degradation.

29. The loss was not the result of wear, tear, marring and/or deterioration.

30. The loss was not the result of inherent vice, latent defect, defect or mechanical breakdown.

31. The loss was not the result of preexisting damage.

32. The loss was not the result of faulty, inadequate and/or defective planning, zoning, development, surveying, siting, design, specifications, workmanship, repair, maintenance, construction, renovation, remodeling, grading and/or compaction.

33. Damage from melting ice, wind, tornado, snow and/or hail are covered perils, and the damage to Plaintiff's Property was caused by these covered perils.

34. All conditions precedent to coverage under the Policy have been performed, have occurred, and/or have been waived.

35. Defendant's conduct has caused Plaintiff to retain the services of the law firm of Insurance Litigation Group, P.A., in this action, and Plaintiff is obligated to pay a reasonable fee for services rendered.

## COUNT I
## BREACH OF CONTRACT

36. Plaintiff adopts, re-alleges, and incorporates by reference each of the foregoing paragraphs as though fully set forth herein.

37. Plaintiff brings this action for Breach of Contract.

38. Upon the issuance of the Policy, Plaintiff and Defendant entered into a valid and enforceable agreement.

39. At all times pertinent hereto, Plaintiff timely paid, and Defendant accepted consideration in the form of premium payments.

40. At all times material hereto, up to and including on the Date of Loss, the Policy was in full force and effect.

41. Defendant breached the Policy by failing to pay the full amount of damages sustained by Plaintiff.

42. Defendant breached the Policy by failing to properly evaluate Plaintiff's Claim and by failing to pay the full amount of the Claim in accordance with the Policy provisions and applicable laws.

43. As a direct and proximate cause of said breach, Plaintiff has, and continues to suffer, economic damages in an amount to be determined at trial, in excess of the amounts already paid under the Policy.

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in its favor and against Defendant on Count I, and award compensatory damages in an amount to be determined at trial, costs, pre- and post-judgment interest as provided by law, and for such further relief as the Court deems just and proper.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in its favor, and award the following relief:

a. Compensatory damages, including general, consequential, and all extra-contractual damages permitted by law;

b. Attorneys' fees and litigation costs, including a contingency fee multiplier where applicable;

c. Pre-judgment and post-judgment interest as provided by law;

d. Such other and further relief as the Court deems just and appropriate under the circumstances.

## DEMAND FOR JURY TRIAL

Demand is hereby made for trial by jury of all issues so triable, as a matter of right.

DATED: June 19th, 2026.

Respectfully submitted,

INSURANCE LITIGATION GROUP, P.A.

Attorney for Plaintiff

*Electronically signed by Michael Yaakov Katz*
Michael Yaakov Katz, Esq.
Wisconsin Bar No. 1142404
1500 NE 162nd Street
Miami, Florida 33162
Telephone: (786) 529-0090
Facsimile: (866) 239-9520
Email: mkatz@ilgpa.com, service@ilgpa.com

7